# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1593

_____

Ronald Bernard

*Plaintiff - Appellee*

v.

Kansas City Life Insurance Company

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: January 12, 2021
Filed: April 5, 2021

_____

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

After admitting to using fentanyl at work, Ronald Bernard was terminated from his position as a certified nurse anesthetist at Mid-Missouri Anesthesiologists, Inc. (Mid-Missouri). Bernard thereafter submitted claims for short- and long-term disability benefits to Kansas City Life Insurance Co. (Kansas City Life), which had issued disability insurance policies to Mid-Missouri as part of its employee benefit

plan. Kansas City Life denied Bernard's claims after concluding that he was not disabled under the terms of the policies.

Bernard challenged the denial of benefits, bringing a civil action under section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B). Ruling on cross-motions for summary judgment, the district court[1] concluded that Kansas City Life had abused its discretion in denying benefits. We affirm.

Mid-Missouri hired Bernard in 1991. Bernard became addicted to fentanyl in approximately 2000 and sought in-patient treatment in 2001. Mid-Missouri placed him on probation for several years following treatment, during which Bernard was subject to regular drug tests. Mid-Missouri's employment contract with Bernard reserved the right to require that he be tested for drugs and to terminate him if a test returned a positive result.

After being released from probation and being drug-free for many years, Bernard began using fentanyl at work in 2015. He explained that he would use "the end of day drugs," rather than destroying them. At the time, Bernard worked full time as a certified nurse anesthetist at an orthopedic surgery clinic, administering anesthesia to patients.[2]

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

[2]Mid-Missouri describes a certified nurse anesthetist's occupation as follows, "Under general supervision, administers local, inhalation, intravenous, and other anesthetics during surgical or other medical procedures." A certified nurse anesthetist's work includes administering general anesthetics to render patients insensible to pain and taking "necessary remedial action to aspirate secretions from throat larynx and trachea."

On the morning of October 6, 2017, two nurses reported that Bernard had been using syringes and that they suspected that he was using drugs. Bernard was immediately removed from the operating room and taken to a drug-testing facility, where he provided a sample. After Bernard admitted that he had been using fentanyl at work, Mid-Missouri terminated his employment. His sample later tested positive for fentanyl.

Bernard met with Paul Schoephoerster, M.D., on October 18, 2017. According to Dr. Schoephoerster's notes, Bernard reported that he had resumed using fentanyl in 2015 and that he had acquired it "through [his] place of employment as [a] nurse anesthetist." During a March 2017 appointment with Dr. Schoephoerster, however, Bernard had not disclosed that he had relapsed, claiming instead that he had not used intravenous drugs for more than ten years. Bernard began meeting with addiction specialist Patricia Altenburg, Ph.D., on October 30, 2017.

Bernard submitted claims for short- and long-term disability benefits to Kansas City Life in late October 2017, submitting in support statements of disability from Drs. Schoephoerster and Altenburg. Dr. Schoephoerster stated that Bernard had suffered from narcotic addiction since 2000 and had relapsed in 2015. He opined that Bernard's addiction and relapse rendered him unable to perform his duties as a certified nurse anesthetist and that his disability would continue indefinitely. Dr. Altenburg similarly stated that Bernard suffered from opioid abuse, with date of onset in 2000 and relapse in 2015. She opined that Bernard was unable to work and that his limitations were chronic.

Mid-Missouri reported to Kansas City Life that it had been satisfied with Bernard's work and did not know of his relapse until the date of his termination. Mid-Missouri's report expressed frustration with Bernard, particularly in light of his

earlier drug abuse and probationary period, noting, "who knows when he started using [fentanyl] again."

To meet the insurance policies' definition of disabled, an insured must be unable to perform all the material and substantial duties of the insured's regular occupation due to sickness or injury. Kansas City Life determined that Bernard did not meet this definition prior to his termination, when his disability insurance coverage ended, and therefore was not eligible for benefits. As Kansas City Life explained in its denial of his claim for short-term disability benefits:

> You were capable of, and would have remained capable of, performing your regular occupation if you had not tested positive to the drug screening. (sic) Your drug use did not preclude your ability to perform your occupational duties. You ceased work because your employment was terminated. As such, you do not meet the [policy's] definition of disability.

In denying both claims, Kansas City Life noted that Bernard's coverage under the policy had ended before he sought treatment for his addiction or was certified as disabled by Dr. Schoephoerster.

Bernard filed administrative appeals with Kansas City Life in May and June 2018. After completing additional review, Kansas City Life denied Bernard's appeal from the denial of long-term disability benefits because "there is no indication he was impaired from functioning in his own occupation as of the time he tested positive for drug use and he was terminated from employment and his insurance coverage ended." His appeal from the denial of short-term disability benefits was also denied. In a December 2018 letter to Bernard's attorney regarding the final denial of benefits, Kansas City Life reiterated that Bernard's self-report was the only evidence in support of his claim that he became disabled prior to October 6, 2017:

Your client was performing his own occupation satisfactorily until he was removed from the operating room due to suspected drug use for which he tested positive on his last day worked. He was not terminated due to work issues but rather due to his employer's serious concern for the safety of the patients. As noted, your client's employment contract indicates a positive drug test will result in termination of employment. In addition, your client was not treated for his addiction to fentanyl at the time he stopped working and treatment began after his insurance coverage was terminated. As a result, no benefits are payable on his claim.

As set forth above, Bernard filed suit, alleging that Kansas City Life had erred in denying him short- and long-term disability benefits. The parties agreed that there were no factual disputes and that the lawsuit presented only questions of law. As recounted above, the district court granted summary judgment in favor of Bernard after determining that Kansas City Life had abused its discretion in denying Bernard benefits. In light of the undisputed facts that Bernard was addicted to fentanyl, that he had relapsed in 2015, and that he had regularly used fentanyl at work for the two years preceding his termination, the district court concluded, "No reasonable person could find that a nurse anesthetist so addicted to Fentanyl that he injects himself with drugs during the work day while his medical co-workers are nearby is capable of performing the duties of his job." D. Ct. Order of Feb. 28, 2020, at 14. We review *de novo* the district court's grant of summary judgment in favor of Bernard. Green v. Union Sec. Ins. Co., 646 F.3d 1042, 1050 (8th Cir. 2011).

Bernard argues that the district court should have applied a *de novo* standard of review to Kansas City Life's denial of benefits under the short- and long-term disability insurance policies, contending that the plan administrator was not granted discretionary authority. A district court reviews *de novo* a plan administrator's denial of ERISA benefits, unless the plan gives the administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire

& Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). If the plan gives discretionary authority, the district court reviews the administrator's denial of ERISA benefits for abuse of discretion. Id. Because we conclude that Bernard is entitled to benefits under either standard, we will assume without deciding that the abuse of discretion standard of review applies to Kansas City Life's denial of benefits.[3]

Reviewing for abuse of discretion, we consider whether Kansas City Life's decision to deny benefits is supported by substantial evidence, that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." King v. Hartford Life & Accident Ins. Co., 414 F.3d 994, 999 (8th Cir. 2005) (en banc) (quoting Donaho v. FMC Corp., 74 F.3d 894, 900 & n.10 (8th Cir. 1996)). Kansas City Life maintains that the record lacks any evidence that Bernard's fentanyl use rendered him unable to perform the material and substantial duties of his occupation prior to his termination. It argues that Bernard had adequately performed the duties of a nurse anesthetist, even if he had done so under the influence of fentanyl.

We conclude that Kansas City Life's denial of benefits is not supported by substantial evidence. According to Kansas City Life's final denial of benefits, Bernard was terminated due to his "employer's serious concern for the safety of the patients"—that is, because Bernard could not safely administer anesthesia while under the influence of fentanyl. In deciding Bernard's claim, Kansas City Life did not dispute that Bernard had relapsed prior to his termination or that he had administered anesthesia while under the influence of fentanyl after relapse. A reasonable mind could not reconcile Kansas City Life's position that Bernard was unable to safely

---

[3]Although Mid-Missouri was the plan administrator, Kansas City Life acted as a claims-review fiduciary with authority to grant or deny Bernard's claims. See 29 U.S.C. § 1002(21)(A).

-6-

administer anesthesia on October 6, 2017, with its position that he had safely administered anesthesia while under the influence of fentanyl during the time period between his relapse and termination. We thus conclude that the evidence that Bernard made no medical errors and did not seek treatment until after he was terminated, as well as the fact that the record does not disclose his exact date of disability, could not support Kansas City Life's conclusion that Bernard was not disabled before his insurance coverage ended.

The judgment is affirmed.

_____